UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| DAVID MILLER | : | |
| Plaintiff, | : | Case No.: |
| vs. | : | |
| PETE BUTTIGIEG, Secretary, UNITED STATES DEPARTMENT OF TRANSPORTATION, | : | JURY TRIAL DEMANDED |
| Defendants. | : | December 4, 2023 |

## COMPLAINT

Plaintiff, David Miller, by his attorneys, Bell Law Group, PLLC, brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, to remedy acts of harassment perpetrated against him by the Defendant, the United States Department of Transportation (hereinafter "DOT" or "Agency"). Plaintiff contends that DOT discriminated against him, subjected him to disparate treatment and hostile work environment based on his sex, sexual orientation, and retaliation for his protected EEO activity.

## Jurisdiction

1. This Court has jurisdiction over the subject matter of this civil action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-5 & 2000e-16. and since the Plaintiff complied with the law in exhausting all administrative remedies prior to the instant action being filed.

## Venue

2. Venue is proper in this judicial district under 42 U.S.C. § 2000e-5(f)(3) as Plaintiff is employed by the United States Department of Transportation, Federal Aviation Administration (DOT) and Plaintiff's employment records are maintained by DOT in this jurisdictional district,

and the actions complained of herein and decisions averse to Plaintiff's employment that give rise to this civil action were made in this judicial district.

### Parties

3. Plaintiff, David Miller (hereinafter "Plaintiff" or "Mr. Miller") is a citizen of the United States and a resident of the state of Ohio. At all times relevant to this suit, Plaintiff was employed by the United States Department of Transportation as an Air Traffic Control Specialist, FV-2152-LH within the Federal Aviation Administration ("FAA"), at the Cleveland Air Route Traffic Control Center (ARTCC) located in Oberlin, Ohio.

4. Defendant Pete Buttigieg is currently the Secretary of Transportation. Mr. Buttigieg is being sued here in his official capacity only.

### Statement of Facts

5. Plaintiff has been employed as an Air Traffic Control Specialist with the FAA since July 30, 2008 and has been employed at the Cleveland ARTCC since November 2008.

6. Between 2012 to 2020, Brendt Sundermeir was his first level supervisor. Between 2019 and 2022, Michael Sands was his second level supervisor.

7. Plaintiff is male and bisexual.

8. In or around March 2016, Plaintiff received a package at his home. It was a cylinder tube with the words "big ass dildos" and "Platinum member" on the outside of the package. The outside of the package also depicted multiple sex toys.

9. The package contained Plaintiff's water bottle that was only used and kept at his work location. An agency employee stole Plaintiff's property and shipped it to him with graphic language and images relating to Plaintiff's sexual orientation.

10. During this same time period, Plaintiff's coworker Russell Moody would target him

for harassment and repeated jokes about Plaintiff "liking men."

11. Plaintiff reported this harassment to his supervisor Brendt Sundermeir who told him that there was nothing that could be done.

12. In or around 2019, Aric Alston, front line manager for the Agency, made comments that Plaintiff was working overtime in order to pay for his wife's abortion.

13. Mr. Alston would regularly make hostile harassing comments about Plaintiff and his sexual orientation, and spread rumors around the facility in order to alienate Plaintiff from his coworkers and recruit others to harass Plaintiff.

14. During this same time period, Mr. Alston would make comments about Plaintiff being caught on camera having sex with another man at work.

15. Prior to these comments by Mr. Alston, Plaintiff testified in a coworker's EEO complaint that listed Mr. Alston as a Responsible Management Official ("RMO").

16. Mr. Alston claimed to be a former EEO Investigator and stated that "he knows the system" in order to intimidate Plaintiff into not reporting Alston's harassment and retaliation.

17. Because these harassing statements were being made by a management official, others in the office believed them to be factual when they were not. This led to Plaintiff being alienated from his coworkers because of Mr. Alston's homophobic and harassing actions.

18. In or around July 2020, coworkers and/or managers at the Agency hung doctored images of Plaintiff and another male employee engaging in sexual relations around the office for others to see. The image depicted Fred Flintstone and Barney Rubble engaging in oral sex. Superimposed over Barney Rubble were the initials "EZ" which was Plaintiff's operating initials at the Agency.

19. In or around 2020, coworkers/managers at the Agency spread rumors that Plaintiff

was having sexual relations with both male and female employees.

20. One coworker, Joe Moore, asked if Plaintiff was "dipping his pen in company ink."

21. Another coworker, Ryan Svegel, was told that Plaintiff had sex with multiple people at work, and that there was a rumor that Plaintiff had sex with Svegel himself.

22. In or around Fall 2020, Plaintiff had multiple items stolen from his dedicated headset drawer including gum, sunglasses, nice pens, and an amount of cash.

23. Plaintiff reported this incident to his union representative Darryl Bally to no resolution.

24. In or around Spring 2021, July 2021, October 2021, and September 2022, Agency employees defaced Plaintiff's personal spaces with homophobic slurs and graphic homosexual pornography.

25. Plaintiff reported these incidents to his second-line supervisor Michael Sands but no action was taken.

26. In or around August 2021, Aric Alston reported observing Plaintiff in a "sleep like state," which was untrue. As a result of Alston's actions, Plaintiff was subjected to an investigation and proposed for removal from federal service and subjected to various other harassing actions.

27. Because of Alston's harassing and retaliatory behavior, Plaintiff was detailed from his normal position and forced to sit in a room by himself between January 14, 2022 to August 29, 2022.

28. Plaintiff was also subjected to investigation and proposed discipline for swearing at work, despite others engaging in the same actions and receiving no discipline.

29. On March 18, 2022, Plaintiff received a homophobic death threat at his home that also contained graphic homosexual pornography. The letter specifically referenced his work at the

Agency, the section to which he was assigned, and directly related to Plaintiff's work duties and location. It was unequivocally performed by an Agency employee.

30. On May 2022, Plaintiff's personal vehicle was vandalized with homophobic slurs and graphic hate images.

31. Plaintiff reported this incident to Tom Layton, whose only response was that "he can't imagine who could do that."

32. In or around August 2022, Plaintiff's vehicle was vandalized with garbage while at work.

33. In September 2022, Plaintiff was told by Tom Layton that "all eyes are on you" and forced his reassignment to another area of the facility, reducing his seniority in the new area.

34. In or around early 2023, the Agency received an "anonymous complaint" that Plaintiff was showing coworkers a sexually explicit video. This allegation is false.

35. Based upon this "anonymous complaint," Plaintiff was subjected to an interview regarding the allegation that he was showing coworkers pornography at work.

36. In or around July 2023, an Agency employee falsely accused Plaintiff of driving his vehicle towards another person.

37. Between July and October 2023, an Agency employee falsely reported that Plaintiff spoke about his sexuality at work in an inappropriate manner, alleged that he masturbated in the building while at work, and made unwanted physical and verbal advances to his coworkers.

38. On October 23, 2023, Plaintiff was subjected to a Weingarten interview based on these false allegations.

39. On October 4, 2022, Plaintiff initiated contact with the Agency's EEO office regarding paragraphs 8 through 33 above.

40. A notice of Right to File a Formal Complaint was issued on November 3, 2022.

41. A formal complaint was filed on November 18, 2022.

42. On April 11, 2023, a Report of Investigation was issued.

43. A Final Agency Decision was issued on September 7, 2023.

44. Regarding paragraphs 34 and 35, Plaintiff is currently in the Formal Complaint process through the Agency, but considering their relation to paragraphs 8 through 33, Plaintiff is requesting they be included in this complaint for purposes of judicial economy.

45. Regarding paragraphs 36 through 38, Plaintiff has requested amendment of the Formal Complaint discussed in paragraph 44. Plaintiff is requesting they be included in this complaint for purposes of judicial economy.

## FIRST CAUSE OF ACTION
*(Sexual Harassment/Hostile Work Environment in Violation of Title VII of the Civil Rights Act of 1964)*

46. Plaintiff hereby repeats and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set for and contained herein.

47. Defendant harassed Plaintiff and subjected him to a hostile work environment based on his sex and sexual orientation, actual or perceived, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended.

48. Plaintiff was an employee within the meaning of Title VII of the Civil Rights Act.

49. Pursuant to Title VII, 42 U.S.C. § 2000e-2(a), it is unlawful for an employer to discriminate against any individual with respect to the "compensation, terms, conditions, or privileges of employment because of such individual's . . . sex."

50. Pursuant to the Supreme Court's decision in *Bostock v. Clayton County,* 139 S. Ct. 1599 (2019), discrimination and harassment on the basis of a plaintiff's sexual orientation

constitutes discrimination and harassment based on sex.

51. Defendants discriminated against Plaintiff by depriving Plaintiff of his rights under Title VII by creating, fostering, condoning, accepting, ratifying and/or otherwise failing to prevent or remedy a hostile work environment in which Plaintiff was subjected to severe and pervasive harassment.

52. The treatment of Plaintiff was so severe and pervasive as to alter the terms and conditions of Plaintiff's employment.

53. Defendant's severe and pervasive harassment of Plaintiffs was intentional, willful, malicious and in reckless disregard of Plaintiff's rights.

54. As a result of Defendant's unlawful acts, Plaintiff has suffered and continues to suffer severe emotional distress, mental anguish, depression, anxiety, humiliation, shame, pain and suffering.

## SECOND CAUSE OF ACTION
*(Disparate Treatment in Violation of Title VII of the Civil Rights Act of 1964)*

55. Plaintiff hereby repeats and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set for and contained herein.

56. Defendant harassed Plaintiff and subjected him to a hostile work environment based on his sex and sexual orientation, actual or perceived, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended.

57. Plaintiff was an employee within the meaning of Title VII of the Civil Rights Act.

58. Pursuant to Title VII, 42 U.S.C. § 2000e-2(a), it is unlawful for an employer to discriminate against any individual with respect to the "compensation, terms, conditions, or privileges of employment because of such individual's . . . sex."

59. Pursuant to the Supreme Court's decision in *Bostock v. Clayton County,* 139 S. Ct.

1599 (2019), discrimination and harassment on the basis of a plaintiff's sexual orientation constitutes discrimination and harassment based on sex.

60. Defendant engaged in discriminatory actions because of his sex and sexual orientation.

61. Defendants discriminated against Plaintiff by depriving Plaintiff of his rights under Title VII by creating, fostering, condoning, accepting, ratifying and/or otherwise failing to prevent or remedy a hostile work environment in which Plaintiff was subjected to severe and pervasive harassment.

62. The treatment of Plaintiff was so severe and pervasive as to alter the terms and conditions of Plaintiff's employment.

63. Defendant's severe and pervasive harassment of Plaintiffs was intentional, willful, malicious and in reckless disregard of Plaintiff's rights.

64. As a result of Defendant's unlawful acts, Plaintiff has suffered and continues to suffer severe emotional distress, mental anguish, depression, anxiety, humiliation, shame, pain and suffering.

### THIRD CAUSE OF ACTION
*(Retaliation in Violation of Title VII of the Civil Rights Act of 1964)*

65. Plaintiff hereby repeats and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set for and contained herein.

66. Title VII prohibits retaliation for engaging in protected activity.

67. Defendant engaged in retaliatory treatment against Plaintiff for his protected EEO activity including participation in a coworker's EEO complaint and his own EEO activity

68. As a result of Defendant's unlawful acts, Plaintiff has suffered and continues to suffer severe emotional distress, mental anguish, depression, anxiety, humiliation, shame, pain and

suffering.

## JURY DEMAND

Plaintiff requests a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, David Miller, demands judgment against Defendant, United States Department of Transportation, as follows:

A. Compensatory damages both pecuniary and non-pecuniary not to exceed the statutory maximum;

B. Costs and reasonable attorneys' fees incurred; and

C. Any other damages and further just relief that this Court deems just and proper.

Dated: December 4, 2023
      Syosset, New York

BELL LAW GROUP, PLLC

By: *[signature]*
Adam P. Grogan, Esq.,
N.Y. Bar No. 5496674
Pro Hac Vice Pending
116 Jackson Avenue
Syosset, New York 11791
Tel.: (516) 280-3008
apg@belllg.com

*/s/ John F. Burke, III*
JOHN F. BURKE, III (0059974)
john@BurkesLaw.net
Burkes Law, LLC
55 Public Square, Suite 2100
Cleveland, OH 44113
Phone 216-455-5980; Fax 888-588-5663